IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SABA HABTEMARIAM-BROWN,
   *et al.*,

         **Plaintiffs**,

v.

MICHAEL CHRISTENSEN,
   *et al.*,

         **Defendants.**

Civil Action No. 2:24-cv-4052
Judge Algenon L. Marbley
Magistrate Judge Elizabeth P. Deavers

## ORDER and INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, an Ohio resident who is proceeding without the assistance of counsel, moves this Court for leave to proceed *in forma pauperis*. (ECF No. 1 as amended by ECF No. 3.)[1] Plaintiff's request to proceed *in forma pauperis* is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is now before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's action in its entirety.

I.

---

[1] The Court previously instructed Plaintiff to confirm whether her son was intended to be a named Plaintiff. (*See* ECF No. 2.) In response, Plaintiff filed an Amended application to proceed *in forma pauperis* and attached a copy of a complaint indicating that she is the sole Plaintiff. (ECF Nos. 3, 3-1.) Consistent with that filing, Plaintiff's son, Phillip Brown, did not submit his own *in forma pauperis* application. Accordingly, the Court concludes that Phillip Brown is not proceeding as a plaintiff and the Clerk is **DIRECTED** to correct the docket.

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

---

[2]Formerly 28 U.S.C. § 1915(d).

2

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

3

## II.

In her Complaint (ECF No. 3-1),[3] Plaintiff states that she is bringing claims "for discrimination, legal malpractice, breach of duty, and civil rights violations under federal law, including but not limited to claims under **42 U.S.C. § 1983** and relevant state torts." (*Id*. at ¶ 1.) Plaintiff names as Defendants Michael Christensen ("Christensen"), a licensed attorney in Ohio who represented Plaintiff in connection with prior state cases relating to an automobile accident; Mohamed Roble ("Roble"), the individual involved in an auto accident with Plaintiff; State Farm Fire & Casualty Company ("State Farm"), Plaintiff's insurance provider; Nationwide Insurance Company ("Nationwide"), "another insurance provider" involved in the prior litigation; the Ohio Department of Job and Family Services ("ODJFS"), "a state entity involved in Plaintiff's litigation"; and the Ohio Department of Medicaid ("ODM"), "[a] state entity involved in crossclaims related to Plaintiff's health care services after the accident." (*Id*. at ¶¶ 7-12.)[4]

Plaintiff's Complaint sets forth the following factual background. In November 2014, Plaintiff and her son were involved in an automobile accident with Roble. In November 2016, Plaintiff sued Roble and State Farm, represented by an attorney from Christensen's law firm. That attorney dismissed the initial action without prejudice in May 2018 and, unbeknownst to

---

[3]The Court notes that the version of the complaint attached to Plaintiff's amended *in forma pauperis* application is not identical to the version attached to her initial application. She asserts the same claims in both, however, and the Court considers the latter filing to be the operative complaint for purposes of this screen.

[4]In the caption of the version of the Complaint attached to Plaintiff's amended *in forma pauperis* application, ECF No. 3-1, Plaintiff includes John Doe Tortfeasors (1-2) and Keating Law Firm as Defendants. That same version of the Complaint contains civil conspiracy allegations against "Defendant Burgess" and "Wilkerson" although Plaintiff does not identify those individuals as Defendants elsewhere in that document. In the caption of the Complaint attached to Plaintiff's original *in forma pauperis* application, ECF No. 1-1, Plaintiff includes Amanda Burgess, John Doe Tortfeasors (1-2), and Jeff Krusesner as Defendants. Plaintiff also has submitted service forms for Jeff Klyeswer, David Orlandini, Laura Plank, and Kevine Popham despite including no allegations against them in her Complaint.

4

Plaintiff, filed a second lawsuit against Roble and ODM in May 2019, stemming from the 2014 accident. That second case was dismissed in April 2020, following Roble's motion to dismiss for failure to prosecute. In July 2021, Plaintiff, proceeding *pro se,* filed a third lawsuit naming as Defendants Christensen, Roble, State Farm and Nationwide alleging legal and medical malpractice. In July 2023, the trial court granted summary judgment in Christensen's favor and dismissed Plaintiff's claims against Roble, State Farm, and Nationwide. According to Plaintiff, she was discriminated against by all Defendants and the state court because her race, national origin, ethnicity and *pro se* status were factors in the adverse rulings in her lawsuits. (ECF No. 3-1 at ¶¶ 13-27.) By way of relief, Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and pre- and post-judgment interest. Buried in her § 1983 claim is an additional request for "injunctive relief, including an order directing the state court to vacate the dismissals of her claims and remand the cases for proper consideration, free of bias and discrimination." (*Id.* at ¶ 47.)

### III.

Plaintiff's claims are subject to dismissal for several reasons. The Court will consider each claim in turn, beginning with Plaintiff's federal claim brought under 42 U.S.C. § 1983.

"To succeed on a § 1983 claim, a plaintiff must first identify a constitutional right, then show that a person acting under the color of state law deprived him of that right." *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024) (citing *Troutman v. Louisville Metro Dep't of Corr.*, 979 F.3d 472, 482 (6th Cir. 2020)). Here, although Plaintiff cites various constitutional rights, Plaintiff has sued a private attorney, a private individual, and two private insurance companies. While a private entity can qualify as a state actor in certain limited circumstances, Plaintiff has not alleged any such circumstances in her Complaint. *Manhattan*

5

*Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 809 (2019) (such circumstances include when the private entity performs a traditional, exclusive public function, when the government compels the private entity to take a particular action, or when the government acts jointly with the private entity). At most, Plaintiff alleges that Defendant Christensen, as an officer of the court, acted under color of law in representing her. (ECF No. 3-1 at ⁋ 31.) This idea has been soundly rejected by courts. "'A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983.'" *Bowman v. Dennis*, No. 1:24-CV-00074-JHM, 2024 WL 2884566, at *2 (W.D. Ky. June 7, 2024) (quoting *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003)).

Further, to the extent that Plaintiff names ODJFS and ODM[5] as Defendants, state agencies are not considered a "person" for purposes of liability under § 1983. *Reese v. Indus. Comm'n of Ohio,* 3 F. App'x 340, 342 (6th Cir. 2001). Moreover, the State of Ohio may only be sued in federal court if it has consented to such a suit or Congress has abrogated its immunity. *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000)). Absent such circumstances, the Eleventh Amendment is an absolute bar to all suits, whether for injunctive, declaratory or monetary relief against States and State agencies. *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012) (quoting *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993)). In this case, the State of Ohio has not consented to suit, and Congress has not abrogated the State of Ohio's immunity. Consequently, any claim against the ODJFS or ODM is barred by the Eleventh Amendment.

---

[5] To the extent that Plaintiff intends ODM as an independent Defendant entity, her Complaint contains no allegations relating to ODM. That is another basis supporting the dismissal of this Defendant. The same is true for John Doe Defendants and the Keating Law Firm.

One additional note with respect to any potential federal claims. First, Plaintiff alleges state court complicity, but the Court does not construe her Complaint as directed to any court itself or any judge. Nor would such a claim be successful. "The Ohio Supreme Court has held that Ohio courts are not *sui juris*, or in other words, entities capable of being sued." *Courthouse News Serv. v. Foley*, No. 3:23-CV-00329, 2024 WL 308311, at *2 (S.D. Ohio Jan. 26, 2024) (citations omitted). Moreover, "[i]t is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial function." *Probst v. Comerica Bank*, No. 1:24-CV-989, 2024 WL 4647678, at *4 (W.D. Mich. Oct. 1, 2024), *report and recommendation adopted,* No. 1:24-CV-989, 2024 WL 4644585 (W.D. Mich. Oct. 31, 2024). Further, the Court does not construe Plaintiff's passing reference to 42 U.S.C. § 1981 as an attempt to state a claim under that statute and, therefore, the Court will not consider it further. Finally, to the extent that Plaintiff is requesting relief from any state court rulings, under the *Rooker-Feldman* doctrine, this Court lacks jurisdiction to review cases litigated and decided in state courts. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). For all of these reasons, Plaintiff has failed to state a federal claim upon which relief may be granted. Accordingly, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's federal claims.

As noted, Plaintiff also asserts state law claims for legal malpractice, breach of duty of good faith and fair dealing, and civil conspiracy, over which she requests that the Court exercise supplemental jurisdiction under 28 U.S.C.§ 1367.[6] Federal courts have supplemental jurisdiction

---

[6] Plaintiff also states that she intends to assert claims against the insurance companies for "bad faith denial of insurance benefits and negligence." (ECF No. 3-1 at ¶ 27.) She does not develop these claims and the Court will not consider them.

over state law claims only if the related federal claims remain pending. *Buntura v. Ford Motor Co.,* No. 1:24-CV-1313, 2024 WL 4451264, at *5 (N.D. Ohio Oct. 9, 2024).  Generally, when the federal claims are at an end, the court should decline to exercise supplemental jurisdiction. *Id.*  Balancing relevant factors, including comity and judicial efficiency, the Court sees no reason to depart from that general rule here.  Accordingly, it is **RECOMMENDED** that Plaintiff's state law claims be **DISMISSED WITHOUT PREJUDICE**.

**IV.**

For the reasons stated above, Plaintiff's application to proceed *in forma pauperis* (ECF Nos. 1, 3) is **GRANTED**.  Further, it is **RECOMMENDED** that Plaintiff's federal claims be **DISMISSED** for failure to state a claim upon which relief can be granted.  It is **FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and that these state law claims be **DISMISSED WITHOUT PREJUDICE.** Finally, the Clerk is **DIRECTED** to correct the docket to reflect that Phillip Brown is not a named Plaintiff in this matter.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: November 14, 2024                             /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE