**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **SABA HABTEMARIAM-BROWN,** | : | |
| *et al.*, | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-4052** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **MICHAEL CHRISTENSEN,** | : | **Magistrate Judge S. Courter Shimeall** |
| *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

<u>**OPINION & ORDER**</u>

This matter comes before this Court on the Magistrate Judge's Report and Recommendation regarding Plaintiff Saba Habtemariam-Brown's Amended Complaint (ECF No. 5). (ECF No. 6). In her Report and Recommendation, the Magistrate Judge recommended that this Court dismiss Plaintiff's Amended Complaint in its entirety. (*Id.*). Plaintiff has filed Objections to the Magistrate Judge's Report and Recommendation. (ECF No. 9).  For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 6) and **OVERRULES** Plaintiff's Objections (ECF No. 9). Plaintiff's Complaint (ECF No. 5) is **DISMISSED WITHOUT PREJUDICE**.

### I.    BACKGROUND

Plaintiff, proceeding *in forma pauperis* and *pro se*, filed her complaint on November 14, 2024. (ECF No. 5). In November 2014, Plaintiff and her son were involved in an automobile accident with Defendant Mohamed Roble. (*Id.* at 3). In November 2016, Plaintiff, represented by Jeffrey Kluesener of Michael D. Christensen Law Offices, sued Defendant Roble and State Farm Fire & Casualty Company ("State Farm"), Plaintiff's insurer. In May 2018, however, Kluesener dismissed the initial action without prejudice. (*Id.*). Thereafter, in May 2019, Plaintiff filed a

1

second lawsuit against Defendants Roble and the Ohio Department of Medicaid stemming from the same accident. (*Id.*). The second case was ultimately dismissed in April 2020 following Roble's motion to dismiss for failure to prosecute. (*Id.*). Subsequently in July 2021, Plaintiff, proceeding *pro se,* filed a third lawsuit against Roble, State Farm, and Nationwide Insurance Company ("Nationwide"), another insurer involved in the litigation, for her personal injuries stemming from the accident, and additionally against Michael Christensen alleging legal and medical malpractice stemming from inadequate representation in the prior cases. (*Id.* at 4). On July 25, 2023, the trial court granted summary judgment in Defendant Christensen's favor and dismissed Plaintiff's claims against Defendants Roble, State Farm, and Nationwide. (*Id.* at 5). Now, Plaintiff brings claims in this instant litigation against the same defendants and various other individuals.

Plaintiff's complaint alleges that the named defendants, via their direct or indirect actions, discriminated against her under 42 U.S.C §1983 on the basis of her race, national origin, ethnicity and *pro se* status. (*Id.* at 5–7). Plaintiff contends this discrimination was a factor in the adverse rulings in her prior lawsuits. (*Id.*). Plaintiff further alleges that Defendant Christensen owed Plaintiff a duty of care to provide competent, diligent, and professional legal representation in accordance with the standards of practice expected of attorneys in the State of Ohio and violated said duty. *Id.* at 9–12. Additionally, she alleges Defendant Christensen breached their contract by failing to act honestly, fairly, and in a manner consistent with Plaintiff's interests throughout the course of his legal representation. *Id.* at 12–14. Finally, she alleges Defendants Christensen and Burgess conspired to harm Plaintiff intentionally and wrongfully by neglecting her legal case, concealing material information, and sabotaging her claims. *Id.* 14–16.

Plaintiff seeks compensatory and punitive damages, attorneys' fees and costs, and pre- and post-judgment interest in amount to be determined at trial by way of relief. (ECF No. 5). Additionally, she requests "injunctive relief, including an order directing this Court state court to vacate the dismissals of her claims and remand the cases for proper consideration, free of bias and discrimination." *Id.* at ¶ 48.

## II.  STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

When a plaintiff proceeds *in forma pauperis*, "the court shall dismiss" their complaint or any portion of it that "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2). To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). Thus, to survive screening, a complaint must contain sufficient facts which, if accepted as true, would plausibly state a claim upon which relief may be granted.

### III.    LAW AND ANALYSIS

The Magistrate Judge issued her Report and Recommendation on November 14, 2024, determining that Plaintiff's complaint fails to state a claim for which relief may be granted with respect to the named Defendants. (ECF No. 6 at 5–7). Additionally, the Magistrate Judge

4

recommended that this Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims and dismiss the state law claims without prejudice. (*Id.* at 7). The Plaintiff has objected to this recommendation with arguments of her own. (ECF No. 9). Each of these objections are discussed and analyzed in turn.

First, the Magistrate Judge recommended dismissing claims against the Defendants under 42 U.S.C §1983 because the Defendants are not state actors. (ECF No. 6 at 6). Plaintiff objects to the dismissal of her claims under the statute because she argues the Report and Recommendation failed to consider that private individuals and entities may act under the color of state law when their actions are closely intertwined with state officials or institutions under the joint action theory. (ECF No. 9 at 2). She also alleges Ohio Department of Job and Family Services ("ODJFS") and Ohio Department of Medicaid ("ODM") colluded with private actors to deny her rights, which establishes a sufficient nexus under *Lugar v. Edmondson Oil Co.*, 457 U. S. 922, 937 (1982). (*Id.*).

Plaintiff, however, fails to allege with sufficient specificity that the Defendants colluded under the joint action theory. Although conspiring with the government to deprive federal rights can subject a private actor to liability (*see Hooks v. Hooks,* 771 F.2d 935 (6th Cir. 1985), Plaintiff's Complaint does not allege any facts to satisfy this requirement. *Id.* at 943–44 ("All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."). Here, Plaintiff fails to allege any specific facts supporting that there was a plan or a shared conspiratorial objective between the insurers, her attorney, Roble, and ODJFS or ODM.

Additionally, Plaintiff alleges that Defendant Christensen, as an officer of the court, acted

under the color of law in representing her, but this idea has already been rejected by courts. (ECF No. 6); *Otworth v. Vanderploeg*, 61 F. App'x 163, 165 (6th Cir. 2003) ("A lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law within the meaning of § 1983."). Further, neither the Ohio Department of Jobs and Family Services nor the Ohio Department of Medicaid qualify as "person" for purposes of liability under §1983. *See Collins v. Ohio Dept. of Job & Family Services*, 2007 WL 2783661, at *5 (S.D. Ohio Sept. 24, 2007); *Reese v. Indus. Com'n of Ohio*, 3 Fed. App'x. 340, 342 (6th Cir. 2001). Finally, the State of Ohio has not consented to be sued, and Congress has not abrogated Ohio's sovereign immunity to be sued in such a suit in federal court. *See S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008). Thus, any claim against the ODJFS or ODM is barred by the Eleventh Amendment. As such, this objection is overruled.

Second, the Magistrate Judge recommended dismissing the Plaintiff's §1981 discrimination claims because the Magistrate Judge did not find Plaintiff's "passing reference to 42 U.S.C. §1981" to be sufficient to state a claim under that statute. (ECF No. 6 at 7). Plaintiff appears to allege her "race, ethnicity, national origin, and pro se status influenced adverse judicial rulings and the conduct of defendants" deprived her of right to due process. (ECF No. 5 at 5). But her objection points to no set of facts to conceive that her allegations are "plausible." *Iqbal*, 556 U. S. at 678. Her complaint only provides labels, conclusions, formulaic assertions, and generalities that do not state a claim for relief. *Twombly*, 550 U. S. at 555. Therefore, Plaintiff's complaint does not state a claim upon which relief can be provided for. Fed. R. Civ. P. 8(a)(2).

Third, the Magistrate Judge recommended dismissing the Plaintiff's request for relief from any state court rulings because of the *Rooker-Feldman* doctrine. Plaintiff objects because

6

she asserts the Magistrate Judge misapplied the *Rooker-Feldman* doctrine. (ECF No. 9 at 3). She notes she is not asking for appellate review but is challenging the process by which the judgment was obtained. (*Id.*) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U. S. 280, 284 (2005)). Additionally, she claims that even if her claims should be rejected under the *Rooker-Feldman* doctrine, her "claims of racial and ethnic discrimination implicate fundamental constitutional rights" warrant "exceptions to the general prohibition against interference with state court decisions." (ECF No. 9 at 3).

The Magistrate Judge did not misapply the *Rooker-Feldman* doctrine, and the claims should be dismissed. The doctrine applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp.*, 544 U.S. at 284. Here, the Magistrate Judge merely noted that to the extent Plaintiff attempted to seek relief from a state court judgment, this Court was barred from granting such relief. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983).

Regardless of Plaintiff's framing, she specifically requests this Court issue "an order directing the state court to vacate the dismissals of her claims and remand the cases for proper consideration, free of bias and discrimination." (ECF No. 5 at 8). Further, Plaintiff has not made a showing that this is an extraordinary circumstance where an exception applies. As such, her requested relief is barred by the *Rooker-Feldman* doctrine.

Fourth, the Magistrate Judge recommended dismissing Plaintiff's state law claims because when federal claims are at an end, the court should decline to exercise supplemental jurisdiction. *Buntura v. Ford Motor Co.,* No. 1:24-CV-1313, 2024 WL 4451264, at *5 (N.D. Ohio Oct. 9, 2024). Plaintiff objects to the Magistrate Judge's recommendation alleging that the

Magistrate Judge did not consider supplemental jurisdiction. This is not the case. The Magistrate Judge did consider supplemental jurisdiction but decided it was not warranted due to the general rule stated in *Buntura*. (ECF No. 6 at 7).

Accordingly, this Court finds the Plaintiff's Objection to the Report & Recommendation is **DENIED**.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Objection to the Magistrate Judge's Report and Recommendation (ECF No. 9) is **OVERRULED**. This Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation. (ECF No. 6). This case is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**DATED: April 7, 2026**          **UNITED STATES DISTRICT JUDGE**